UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. VARGAS,<br><br>               Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. CV 16-02627-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On April 16, 2016, Francisco J. Vargas ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on August 3, 2016. On October 4, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case

remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**BACKGROUND**

Plaintiff is a 44 year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on July 20, 2012, alleging disability beginning July 20, 2009. (AR 21.)[1] The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 20, 2009, the alleged onset date. (AR 23.)

Plaintiff's claims were denied initially on January 16, 2013, and on reconsideration on June 7, 2013. (AR 21.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sally C. Reason on August 13, 2014, in Los Angeles, California. (AR 21.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 21.) Vocational expert ("VE") June C. Hagen, Ph.D., also appeared and testified at the hearing. (AR 21.)

The ALJ issued an unfavorable decision on September 22, 2014. (AR 21-31.) The Appeals Council denied review on February 22, 2016. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly assessed the opinion of Raafat Iskander, M.D.
2. Whether the ALJ properly evaluated Francisco Vargas' pain and symptom testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

---

[1] On December 18, 2009, Claimant filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning July 20, 2009. (AR 78.) The application proceeded to the hearing level and was denied by decision issued on May 18, 2011. (AR 21, 78-86.) On June 6, 2012, the Appeals Council denied review. (AR 91.)

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 20, 2009, the alleged onset date. (AR 23.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: multiple sclerosis. (AR 23-24.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 24.)

The ALJ then found that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a) except for requiring a cane for balance and ambulation and avoidance of hazards, ladders, heights, and moving machinery with frequent postural limitations. (AR 25-29.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible." (AR 29.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a deliverer of merchandise and mail carrier. (AR 29.) The ALJ, however, also found that, considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform, including the jobs of document preparer (microfilm), addresser, and call out operator. (AR 30-31.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 31.)

## DISCUSSION

The ALJ decision must be reversed and remanded for further proceedings. The ALJ and the Commissioner have misapplied the continuing nondisability presumption set forth in Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988).

**A.    Background**

In a previous case, Plaintiff filed an application for Title II disability and disability insurance benefits on December 18, 2009, alleging disability beginning July 20, 2009. (AR 78.) The ALJ determined Plaintiff had the severe medically determinable impairment of multiple sclerosis (AR 81) but could perform sedentary work with additional limitations. (AR 82.) The ALJ found that Plaintiff could not perform his prior work as a deliverer of merchandise and a mail carrier (AR 85) but could perform other work in the national economy. (AR 85.) The ALJ

found Claimant not disabled from July 20, 2009, through the date of decision on May 18, 2011. (AR 78, 86.) The decision became final when the Appeals Council denied review on July 6, 2012. (AR 21, 91.)

On July 20, 2012, Claimant filed an application for Title II disability and disability insurance benefits, alleging disability beginning July 20, 2009 (the same onset date as in the prior application). (AR 21.) Plaintiff also filed an application for Title XVI supplemental security income on July 20, 2012, alleging disability beginning July 20, 2009. (AR 21.) As in the prior decision, the same ALJ found Plaintiff had the severe medically determinable impairment of multiple sclerosis (AR 23), a sedentary RFC with additional limitations (AR 25), and could not perform his past work (AR 29) but could perform other jobs in the national economy. (AR 30.) On September 22, 2014, the ALJ concluded that Claimant was not disabled from July 20, 2009, through the date of the decision. (AR 22, 31.)

### B.      Relevant Federal Law

The Ninth Circuit in <u>Chavez</u> held that the principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings. <u>Id.</u> at 693. A claimant, in order to overcome the presumption of continuing nondisability arising from a prior ALJ finding of nondisability, must prove "changed circumstances" indicating a greater disability. <u>Id.</u> The court found that Chavez's attainment of advanced age constituted a changed circumstance precluding application of res judicata. <u>Id.</u> Nonetheless, the Ninth Circuit held that the first ALJ's finding concerning a claimant's RFC, education, and work experience is entitled to some res judicata consideration unless there is new and material evidence presented. <u>Id.</u> at 694.

Because <u>Chavez</u> departed from Social Security policy, the SSA issued Acquiescence Ruling (AR) 97-4(9) accepting <u>Chavez</u> for the Ninth Circuit only. AR 97-4(9) applies only to cases involving a subsequent disability claim on which there has been a final decision by an ALJ or the Appeals Council that a claimant is not disabled. AR 97-4(9) directs adjudicators, when adjudicating a subsequent claim involving an unadjudicated period, to apply a presumption of continuing nondisabiltiy unless the claimant rebuts the presumption. A claimant

may do so by showing a "changed circumstance" such as a change in age category (as occurred in Chavez), an increase in the severity of a claimant's impairment(s) not previously considered or a change in criteria for determining disability.

**C.     Analysis**

The ALJ in this case made a finding that Claimant's limitations from multiple sclerosis "have been stable and not changed significantly from the prior decision." (AR 25.) The ALJ then stated that "the argument can be made that the Claimant has not shown 'changed circumstances' and continues to be not disabled." (AR 25.) The ALJ added, "If it is found Chavez does not apply in this case, the claimant must show he has been disabled from June 7, 2012, the day after his request for review was denied by the Appeals Council." (AR 25.)

Plaintiff contends that the ALJ failed to make a finding whether Chavez and AR 97-4(9) apply or not. Although the ALJ's language is somewhat ambiguous, the Court agrees with the Commissioner that the ALJ's discussion is best seen as findings made in the alternative if Chavez is found not to apply.

The Court, however, disagrees with the Commissioner's assertion that the Court need not reach the issue of whether the ALJ improperly discounted the opinion of Dr. Raafat Iskander. The Commissioner contends that Plaintiff has not rebutted the presumption of continuing disability by demonstrating changed circumstances. Yet these two issues cannot be separated. Dr. Iskander's opinion bespeaks an increase in the severity of Plaintiff's multiple sclerosis. It is evidence of "changed circumstances." One cannot find continuing nondisability without first rejecting Dr. Iskander's RFC.

Next, the Court must address separately two periods of time. The first is July 20, 2009, to July 6, 2012, the period addressed by the first ALJ decision. Plaintiff in this case also seeks benefits from the period July 20, 2009, forward. Plaintiff, however, has not presented "new and material" evidence to reopen the period of July 20, 2009, through July 6, 2012. Plaintiff makes reference to Dr. Neeraj Gupta's March 16, 2012 report observing Plaintiff using a single point cane and reporting he had developed depression secondary to his multiple sclerosis. Plaintiff

also asserts the ALJ should have included in Plaintiff's RFC Dr. Gupta's limitation to manipulative reaching, handling, or grasping only frequently.

The problem with the above evidence is that it was all presented in the prior case. Dr. Gupta's opinion was discussed in the prior opinion, including manipulative limitations. (AR 81-82.) The ALJ's RFC contains a limitation of a cane for balance. (AR 82.) There is extensive discussion of depression. (AR 84.) Plaintiff is simply rearguing the same evidence presented in first case. The evidence he cites is not "new and material" evidence not considered in the prior decision that would justify reopening of the first ALJ decision. See Chavez, 844 F.2d at 694; see also, 20 C.F.R. §§ 404.988(b), 989(a)(1) (1986). Administrative res judicata applies to the period July 20, 2009 to July 6, 2012.

The second time period to be assessed is July 7, 2012, through the date of the decision. In the absence of changed circumstances, the presumption of continuing nondisability would apply. Here, the Commissioner argues there are no changed circumstances. Plaintiff has the same impairment of multiple sclerosis. The RFC is unchanged. The age category did not change.

AR 97-4(9), however, also discharges the presumption on proof of an increase in severity of an impairment. Dr. Iskander completed an RFC on May 28, 2014. He opined that Plaintiff could stand for less than 30 minutes, sit for one hour, and walk for less than 30 minutes on a continuous basis. (AR 28.) Dr. Iskander also found Plaintiff could stand for two hours, walk for less than 2 hours, and sit for four hours during an eight-hour workday. (AR 28.) He opined Plaintiff could not lift/carry up to 10 pounds. (AR 28, 522.) He was found to be able to use his hands only rarely for handling, pushing, pulling, and fine manipulation. (AR 28.) His opinions, if credited, plainly represent an increase in severity of Plaintiff's condition that would require modification of his RFC. The parties apparently agree that with these limitations Plaintiff would be precluded from all work.

The ALJ gave Dr. Iskander's opinions "only some but not considerable weight insofar as they are inconsistent with the other medical evidence of record." (AR 28.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's

opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ, however, does not specify what other evidence of record is inconsistent with Dr. Iskander's opinion, although she does reference Dr. Gupta's report elsewhere in the opinion. (AR 26.) The Commissioner in her portion of the Joint Stipulation cites only to Dr. Gupta's less restrictive 2011 opinions. Dr. Gupta's report, however, was presented in the first case and relied on in part to establish Plaintiff's RFC. The RFC from the first decision is the baseline for determining whether evidence presented during this case would constitute changed circumstances. Dr. Gupta's report, dated prior to the applications in this case, cannot be used to discredit Dr. Iskander's opinion. See Carbajal v. Berryhill, 2017 WL 2603300, at *9 (C.D. Cal. June 15, 2017) ("In this Court's view, analysis under the Chavez framework of whether there are 'changed circumstances' that are 'material' and indicate a 'greater disability' after . . . the date of the prior ALJ's decision, should primarily be made in reference to evidence that was itself received or developed" after that date). Dr. Gupta's March 16, 2010 report was more than four years prior to Dr. Iskander's May 28, 2014 report. (AR 26, 27.) Plaintiff's condition could have changed in the interim. Evaluation of Dr. Iskander's report, then, must be based on the evidence of record after July 7, 2012; that is to say, without reference or consideration of Dr. Gupta's report which is only relevant for establishing the baseline against which subsequent evidence must be measured. The ALJ improperly relied on Dr. Gupta's opinions in rejecting Dr. Iskander's.

The ALJ's vague reference to "other medical evidence of record" leaves the Court without any basis for independent review of her rejection of Dr. Iskander's opinion. The ALJ's rejection of Dr. Iskander's opinion is not based on specific, legitimate reasons supported by substantial evidence. This error by the ALJ also means that the ALJ's RFC is not supported by substantial evidence.

The Court will not apply the credit as true doctrine and award benefits without more. The application of Chavez and AR 97-4(9) is complicated. Thus, the Court will reverse and remand for further proceedings.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: March 16, 2018                    */s/ John E. McDermott*
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE